SHANNON, Judge.
Appellant, a resident of Pinellas County, Florida, filed his complaint in the lower court seeking the modification of a foreign alimony decree, basing his action on Sec. 65.15, Fla.Stat., F.S.A. Substituted service of process upon the appellee was effected under the provisions of Chapter 48 of the Florida Statutes, F.S.A. by publication and notice by mail. The appellee, a resident of the State of New York, responded with a motion to dismiss, which was, in effect, a special appearance contesting the court’s jurisdiction over her person and over the subject matter. The chancellor granted the motion and dismissed the cause with *694 prejudice. This interlocutory appeal ensued.
The parties were married in New York in 1926. The appellant obtained a Mexican divorce in 1957, and the Supreme Court of the State of New York subsequently ordered appellant to pay the appellee the sum of $80.00 per week for support and maintenance. Appellant has since established a residence in Florida, due to financial reverses in New York, and is now unable to comply with the New York support and maintenance order; hence this suit for modification.
On this appeal we have the question of whether or not a local court can obtain jurisdiction in a modification of alimony proceeding where the marriage, the divorce and the alimony decree all took place outside of Florida, and where the wife has never submitted herself to the jurisdiction of our courts.
Both of the parties hereto state that the Florida courts have not ruled upon this question, and after our reseai'ch into the subject we must agree. The appellant maintains that “ * * * the situs of such obligation, although created in New York State, rests with the Appellant wherever he resides and this suit, being for the purpose of altering such status, is a proceeding, quasi in rem.” With this contention we cannot agree, for reasons which will follow. The appellant has cited several cases dealing with alimony, custody of children, and the like, but none of these cases are concerned with the exact factual situation as contained herein. The appellee cites one case that is fairly close, but it does not proceed upon the theory that the instant case demands. This is the case of Green-berg v. Greenberg, Fla.App.1958, 101 So.2d 608, wherein the court said:
“We are presented with two points. First, is service by publication available in this action? Second, has the defendant made a general appearance, thus waiving the error urged? Section 48.01, supra, does not by its express terms authorize service by publication in actions for alimony unconnected with divorce. But appellee urges that the action is implicit in the provision: authorizing such service in actions for divorce. The action for a limited divorce is not a part of the law of Florida. Therefore that portion of Section-48.01 providing for service of process-by publication in cases ‘(4) For divorce or annulment of marriage;’ does not include actions for alimony unconnected with divorce. A casus omissus can in no case be supplied by a court because that would be to make laws. We therefore hold that service by publication is not authorized in actions-brought under Section 65.09, Fla.Stat., F.S.A.”
See also Nelson and Schulman, Notice Requirements in Modification of Alimony Proceedings, 9 Miami L.Q. 41 (1954).
Though there are no cases in Florida-, concerning the exact facts, the general subject has been treated in various authoritative texts. In 17 Am.Jur., Divorce and Separation, Sec. 592, it is stated:
“While, under statute, a personal judgment for alimony and costs may properly be entered against a resident defendant who has been served by publication, it is well settled, in accord with the general rules applicable in other cases, that a decree for alimony and costs against a nonresident defendant cannot be based upon constructive service * *
And Sec. 987 of the same topic reads as, follows:
“The divorce court must have jurisdiction of the wife in personam in order to adjudicate or cut off her right to alimony. While a court may gain jurisdiction to grant a divorce by constructive service upon a nonresident wife, such service does not give it jurisdiction to adjudicate alimony-rights, and so it is held that an ex parte- *695 divorce, obtained by the 'husband, does not necessarily affect the right of the wife to alimony under the laws of another state, and any express or implied adjudication against her claim is void and will not be given effect by comity or under the full faith and credit clause.”
Finally, Sec. 988 states:
“The rule is that where a wife obtains a divorce a mensa or a judicial -separation and an award of alimony in •one state, another state cannot adjudicate or terminate the right unless it -gains jurisdiction in personam over the -wife. A judgment for alimony is a •property right, intangible in nature, and jurisdiction over an intangible can only arise from jurisdiction over the person.”
There are a series of cases from the •United States Supreme Court which we think are conclusive on the issue herein. It is only necessary to note herein what we •consider a “trilogy” of decisions on the subject. This “trilogy” is composed of Estin, v. Estin, 1948, 334 U.S. S41, 68 S.Ct. 1213, 92 L.Ed. 1561; Armstrong v. Armstrong, 1956, 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705; and Vanderbilt v. Vanderbilt, 1957, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456. In the Estin case the Supreme Court decided that a Nevada divorce court, which had no personal jurisdiction over the wife, had no power to terminate a hus"band’s obligation to provide her support as required in a pre-existing New York separation decree. This doctrine of “divisible •divorce” was further extended in the Vanderbilt case, where the Court held that a Nevada divorce granted ex parte to a domiciliary did not terminate the defendant wife’s New York support rights, even though New York had not been the marital -domicile, and the New York action had not been instituted until after the Nevada decree had become final. In the Vanderbilt -decision the court stated that: “It has long .been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant * * * ” citing the landmark case of Pennoyer v. Neff, 1878, 95 U.S. 714, 24 L.Ed. 565. Probably the best succinct statement of the controlling principle is stated in the Armstrong case. In that case a husband, while residing in Florida, obtained, solely on constructive service, a divorce decree against his wife, who had established a domicile in Ohio. The divorce decree provided that “no award of alimony be made to the defendant.” Later the wife obtained a judgment from an Ohio State Court granting her alimony. The question before the Supreme Court was whether the Ohio court, by awarding the wife alimony, denied full faith and credit to the Florida decree. Mr. Justice Minton, for the Court, held that the Florida decree simply refused to pass on the question of alimony, so that the Ohio Court did not in fact refuse full faith and credit. Mr. Justice Black, with the concurrence of Chief Justice Warren and Justices Douglas and Clark, while concurring in the result, rested his decision on the ground that a personal judgment denying alimony to a nonresident wife in divorce proceedings in which jurisdiction is obtained solely upon constructive service is invalid as a matter of due process and, consequently, is not entitled to full faith and credit. They believed that the Florida decree did pass on the question of alimony, but:
“We believe that Ohio was not compelled to give full faith and credit to the Florida decree denying alimony to Mrs. Armstrong. Our view is based on the absence of power in the Florida court to render a personal judgment against Mrs. Armstrong depriving her of all right to alimony although she was a nonresident of Florida, had not been personally served with process in that State, and had not appeared as a party. It has been the constitutional rule in this country at least since Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, decided *696 in 1878, that nonresidents cannot be subjected to personal judgments without such service or appearance. We held in Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561, that an alimony judgment was this kind of ‘personal judgment.’ See also Kreiger v. Kreiger, 334 U.S. 555, 68 S.Ct. 1221; 92 L.Ed. 1572; Barber v. Barber (U.S.) 21 How. 582, 588, 16 L.Ed.2d 226 [228]; * * *”
For an already oft-cited law review note on the over-all subject involved herein, see Note, Divisible Divorce, 76 Harv.L.Rev. 1233 (1963).
It necessarily follows that in the instant case, where the Florida court has no jurisdiction over the marriage, the divorce, the alimony decree, or the wife, the court is unable, under due process of law, to affect alimony rights vested in the wife, these rights being personal and subject only to the in personam jurisdiction over the wife.
Affirmed.
SMITH, C. J., and KANNER (Ret.), J., concur.