CHARLES CARROLL, Judge.
On June 20, 1972, in the circuit court of Dade County, the appellant filed a petition entitled “Petition for modification of alimony judgment; agreement, etc. (F.S.A. *38 61.14).” Therein it was alleged that the petitioner (appellant) was a resident of Dade County, Florida, and that the respondent resided in North Carolina, at a specified address; that the parties entered into an agreement on December 19, 1969, providing for alimony and child support; that thereafter the parties were divorced in an action in North Carolina by a judgment entered on October 6, 1971, which adopted and incorporated the terms of said agreement. By his petition the appellant sought an order modifying the North Carolina judgment, to reduce the amount of child support as provided for therein, proceeding under § 61.14(4) Fla.Stat., F.S.A.
Attached to the petition was a copy of the property settlement agreement of 1969. Thereunder the husband transferred to the wife an automobile, and the residence permises (subject to a mortgage of $16,200) with the furniture and furnishings, and agreed to pay her $36,000, in specified installments, to be secured by a mortgage on certain real estate; and to “assign” to her $50,000 insurance on his life, to assure education of the children. Also, thereunder, the wife transferred to the husband certain improved real estate and the personal property thereon.
For support of the two children of the marriage, then aged six and nine years, the agreement provided that the husband would pay to the wife $300 a month for each child, to be increased to $375 for a child after the age of thirteen years. As ground for reduction of child support the petition alleged without supporting facts, that a substantial change in the husband’s financial condition had occurred.
Jurisdiction of the non-resident wife as respondent to the petition was sought to be obtained by service upon her by publication. Prior to a hearing on the petition, the circuit court of Dade County, on its own motion, dismissed the petition on the ground that it could not be maintained against the non-resident respondent upon service by publication. The appellant filed this appeal therefrom. We hold the trial court ruled correctly, and affirm the order of dismissal.
When a petition filed under § 61.14 Fla.Stat., F.S.A. for modification as to alimony or child support is brought against a non-resident spouse, jurisdiction thereof over the respondent can be obtained by service by publication or upon written notice, where such proceeding is ancillary to an action which was had between the parties in this state.
In Cohn v. Cohn, 151 Fla. 547, 10 So.2d 77, the parties were divorced by a decree entered in the circuit court of Dade County, Florida, wherein the court adopted an agreement the parties had made which provided for payment of alimony. Thereafter the husband petitioned for modification of the alimony, under Chapter 16780 Laws of Florida 1935 [now appearing as § 61.14 Fla.Stat., F.S.A.]. The respondent wife, who was then in the State of New York, was served by publication. She moved to quash the service. The court denied the motion. The wife's petition for review thereof by certiorari in the Supreme Court of Florida was denied. In that case where a divorce and order for alimony had been made in the Florida court, the Supreme Court held that the husband’s petition for modification could be maintained against the non-resident wife upon service by publication, and stated (10 So.2d at 81):
“Petitioner here was a party to the divorce-alimony decree rendered, and Chapter 16780, Laws of Florida 1935, was then in force. The statute authorized the application made in the case for ancillary proceedings quasi in rem seeking to modify the original alimony decree rendered in the same case between the same parties, in a divorce and alimony suit as to which the State laws are binding on both parties who were active parties in the cause. A binding res being within the jurisdiction of the ■court, service of notice by publication is *39 authorized by the laws of Florida and no applicable Federal law is violated by service of notice by publication. * * * ”
In Marshall v. Bacon, Fla.1957, 97 So.2d 2S2, the parties were divorced by a decree of divorce in a suit in Duval County, Florida, wherein the husband was directed to pay alimony and child support. Thereafter the wife filed a proceeding in the cause against the husband, who was then a nonresident, seeking a judgment for arrear-ages in alimony and child support, and seeking to sequester, as payment or as security for payment thereof, the cash surrender value of certain life insurance policies of the husband. Jurisdiction over the non-resident husband was obtained by giving notice to him by mail. At the time of the filing of the petition the wife and the child of the parties were residents of Florida. The trial court entered a judgment for the arrears, but denied the relief sought by the wife’s petition as to the insurance policies. The wife petitioned for review thereof in the Supreme Court. In dealing with the case the Supreme Court considered the question of sufficiency of service upon the non-resident husband by “notice to him by mail.” In holding that personal service was not necessary in such instance the Supreme Court said:
“ * * * Assuming as we must do from this record that the trial court had jurisdiction over the wife, the minor child of the parties, and in the ultimate the actual policies of life insurance which were the subjects of the petition and order, we must find that in a proceeding of this nature the husband could be brought before the Chancellor and his rights adjudicated on reasonable notice by mail or otherwise without the necessity of personal service of summons in this state. We must bear in mind that we are dealing here with a proceeding supplementary to divorce. In the original divorce proceeding the Chancellor had jurisdiction of the parties and the subject matter. We have several times held that a proceeding to modify the custody or support money aspects of a final decree of divorce is merely a continuation of the original proceeding and is not to be considered as the institution of a new action. If the husband is given reasonable notice and an opportunity to be heard before the decree is altered in any fashion that will directly affect his person, status or property, such notice will suffice to bring him within the orbit of the jurisdiction of the court that acted in the first instance. While there may be some limitations to this general rule we find no such restriction here present. Watson v. Watson, Fla.1956, 88 So.2d 133.”
In Kosch v. Kosch, Fla. 1959, 113 So.2d 547, the parties were divorced in Florida. Thereafter, when the husband was a resident of South Carolina, the wife moved in the original cause in Florida for an increase in the alimony payments, provided for in the original decree by adoption of a property settlement agreement entered into between the parties. Holding that proceedings to increase, decrease or enforce alimony and child support provisions of a divorce decree are by nature supplemental to the decree and a continuation of the original proceedings, the Supreme Court said: “The parties having been properly brought within the jurisdiction of the [Florida] trial court at the outset, the supplemental proceeding which we have described can be bottomed on a reasonable notice which affords an opportunity to be heard.”
On the contrary, where the petition for modification is not ancillary to and a continuation of the proceeding between the parties had in Florida, and modification is sought of alimony or support payments provided for by a decree or judgment entered in an action between the parties in another state, a petition or complaint filed in Florida for modification of such payments provided for by the foreign judgment is separate and independent therefrom and requires personal service on the *40 respondent. See Borst v. Borst, Fla.App. 1964, 161 So.2d 693.
In Borst the parties, who were married in New York State, were divorced by a judgment entered in Mexico, and thereafter a court in the State of New York ordered the husband to pay the wife $80 per week for her support and maintenance. The husband moved to Florida, where he filed a proceeding for modification of the alimony award of the New York court. The wife, residing in New York, was served by publication. The special appearance of the wife contesting jurisdiction over her and the subject matter was upheld, and the husband appealed. That order was affirmed. The appellate court dealt directly with the question of whether, in those circumstances, jurisdiction of the proceeding for modification could be obtained on the non-resident wife through service by publication. The court answered that question in the negative, stating: “It necessarily follows1 that in the instant case, where the Florida court has no jurisdiction over the marriage, the divorce, the alimony decree, or the wife, the court is unable, under due process of law to affect alimony rights vested in the wife, these being personal and subject only to the in personam jurisdiction over the wife.”
In the instant case the parties were divorced in North Carolina, by the judgment of a court there which fixed the child support and which has continuing jurisdiction thereof, and the wife and children remain resident in North Carolina. There was, therefore, no former action in Florida between the parties to which the husband’s petition for modification could be ancillary or of which his petition for modification could be a continuation. There was no initial jurisdiction over the parties in Florida, and therefore no res against which to seek modification in the form of in rem relief (such as referred to in Cohn v. Cohn, supra).
Under the conditions and circumstances prevailing in this case the proceeding to modify the North Carolina divorce judgment was a separate and independent action seeking in personam relief against the nonresident wife, and it could not be maintained in this state without personal service of process within this state upon the respondent.
Affirmed.