359 So.2d 500 (1978)
Betty Ann HUNTER, Appellant,
v.
Howard HUNTER, Appellee.
No. 77-456.
District Court of Appeal of Florida, Fourth District.
May 16, 1978.
Rehearing Denied June 28, 1978.
*501 William F. Sullivan, Pompano Beach, for appellant.
William Zei of Gibbs & Itkin, P.A., Fort Lauderdale, for appellee.
COWART, JOE A., Jr., Associate Judge.
This is an appeal from a ruling that a New York support judgment was not entitled to be recognized by Florida in its full amount.
While the parties were married but separated and resided in New York the Family Court there entered an order which, after modification, provided support of $100 per week for the plaintiff-wife and $50 per week for each of two children. The defendant-appellee-husband moved to Florida and fell into arrears on his support obligation. The wife commenced a support enforcement action under the New York "Uniform Support of Dependents Law" and Florida, as responding state, accepted the proceeding under § 88.181, Fla. Stat. (1971), of the Uniform Reciprocal Enforcement of Support Law, URESA. Jurisdiction was obtained over the husband and by order dated June 8, 1971, he was required to pay $50 per week support for both children.
*502 The husband then sued in Florida for dissolution of the marriage and obtained constructive service of process. The wife did not appear. The final judgment, dated November 29, 1971, dissolved the marriage and required child support in accordance with the URESA support order of June 8, 1971.
Thereafter the Family Court in New York, in an action in which the husband personally appeared with counsel, determined the arrearage under the original New York support order to be $11,600 and on January 16, 1974, entered a support judgment in that amount. This determination gave the husband credit for all payments made under the Florida URESA order and included the additional child support and support for the wife accruing both before and after the Florida dissolution of marriage. When the wife sued in Florida to localize or domesticate the New York support judgment the trial court held that the New York judgment of January 16, 1974, was entitled to recognition in Florida but only in the amount that had accrued under the original New York support order prior to the dissolution of November 29, 1971. The wife appeals.
We agree with both the lower court and the New York court that the Florida URESA order did not in any manner modify or supersede the prior New York order of support but that amounts paid under the URESA order were to be credited against the sums accrued or accruing under the prior foreign support order. See § 88.281, Fla. Stat. (1971).
The husband argued below, and the trial court apparently agreed, that the New York statute upon which the original support order was based relates to a "husband's" duty to support a "wife" and that after the Florida dissolution the parties were no longer husband and wife and, therefore, the New York court in entering the supplementary support judgment of January 16, 1974, erred in either not giving effect to the Florida dissolution or in interpreting the New York statute to authorize support in favor of a former wife after the Florida dissolution terminated the marital relationship between the parties.
We hold that the New York court did not fail to give full recognition to the Florida dissolution but that the New York court interpreted New York law to require the continuation of support to the former wife. We cannot hold that the New York court erred in its decision as to New York law. Nor did the New York court "exceed its jurisdiction" in entering judgment for support accruing after the Florida dissolution. Because the Florida dissolution proceeding was based only on constructive service of process, the Florida court could not enter an order regarding support of the wife which would be binding on the wife. The New York court in both the original court proceeding and in the proceeding leading to the supplementary support judgment had jurisdiction over the parties and over the subject matter and would not have lost that jurisdiction even by making an erroneous ruling. A court that has jurisdiction to rule correctly also has jurisdiction to make a mistake. The remedy is by appeal.
In a dissolution proceeding in which the wife is not personally served and in which she does not appear a court cannot terminate or modify a prior support order of a sister state. See Estin v. Estin, 1948, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561, discussed in the article  Divisible Divorce, University of Florida Law Review, Volume III, pages 145, 159. A judgment granting, denying or modifying alimony is a "personal" judgment that can be entered only by a court with jurisdiction in personam over the wife. See Borst v. Borst, 161 So.2d 693 (Fla.2d DCA 1964) and Zuccarello v. Zuccarello, 280 So.2d 37 (Fla.3d DCA 1973).
The judgment below is reversed and remanded with directions to give constitutional full force and effect to the New York support order and then enter a judgment thereon in its full amount.
REVERSED AND REMANDED WITH DIRECTIONS.
DAUKSCH and MOORE, JJ., concur.