382 So.2d 1236 (1980)
Frank CARCAISE, Petitioner,
v.
The Honorable J. Robert DURDEN, As Circuit Court Judge, Florida Seventh Judicial Circuit, Respondent.
No. 79-89.
District Court of Appeal of Florida, Fifth District.
March 26, 1980.
*1237 I. Paul Mandelkern and James M. Russ, Orlando, for petitioner.
Robert K. Good, Sp. Asst. State's Atty., Orlando, and Lawrence J. Nixon, Asst. State's Atty., Daytona Beach, for respondent.
DAUKSCH, Chief Judge.
Petitioner seeks our Writ of Prohibition in order to prevent his prosecution for violation of the laws proscribing unlawful sale of securities. Ch. 517, Fla. Stat. (1973). When the state seeks to prosecute after the statute of limitations has expired, the proper method to prevent the prosecution is by prohibition. Reino v. State, 352 So.2d 853 (Fla. 1977).
Petitioner and others have been charged in an information filed May 18, 1977 alleging violations of the securities laws which violations, in various counts, are alleged to have occurred between June 1, 1973 and December 31, 1974.
The question on appeal is whether we should apply the general two year statute of limitations applicable to crimes generally or the special five year statute of limitations for securities violations. If the former applies, then we must prohibit the trial judge from allowing the prosecution to continue; if the latter is applicable, then the statute of limitations did not expire before this case began and the prosecution should continue.
The statute of limitation in effect at the time of the incident giving rise to the criminal charges is the one to be applied in determining the timeliness of the prosecution. State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974). At the time petitioner is alleged to have committed the crimes, there were two statutes of limitations; one concerning non-capital crimes generally[1] and the other concerning securities violations particularly.[2] Generally speaking, a special statute of limitations which addresses itself to specific matters will take precedence over a general statute.
But petitioner urges that the generality cannot apply here, because in consideration of the history of legislative enactments of *1238 statutes of limitations, we must resolve an apparent conflict between the two relevant statutes in favor of the later one enacted. In 1951, Chapter 26970, Laws of Florida (1951), set the statute of limitations concerning securities violations at five years. This changed the existing criminal statute which provided a two year statute limitations for all crimes. Section 932.05, Fla. Stat. (1949). Petitioner next points out that in 1965 the five year limitation was reenacted and remained the applicable time period for prosecution until 1971 when Chapter 70-339, Laws of Florida, as amended Florida Statutes 932.465 (1973), became effective on January 1 and provided that all non-capital crimes must be prosecuted within two years after commission. We must decide whether section 932.465 also applies to securities violations, particularly the ones alleged here.
Petitioner urges, and we agree, the latest enactment takes precedence over prior enactments. State v. Board of Public Instruction, 113 So.2d 368 (Fla. 1959). We also agree with the proposition that the legislature is presumed to know its own statutes and when it enacts a new statute, it is done with that knowledge. Tamiami Trail Tours, Inc. v. Lee, 142 Fla. 68, 194 So. 305 (1940). However, we are also guided by the "general presumption that later statutes are passed with knowledge of prior existing laws, and a construction is favored which gives each one a field of operation, rather than have the former repealed by implication." Oldham v. Rooks, 361 So.2d 140, 143 (Fla. 1978) (emphasis added). See also State ex rel. Gerstein v. Hialeah Race Course, Inc., 245 So.2d 53 (Fla. 1971).
Using the reasoning in Oldham, we cannot help but decide the legislature fully intended to retain the five year statute of limitations as it pertained to securities violations rather than by implication repeal that statute by another found somewhere else in the books. This is especially so since the legislature again dealt with the five year limitations statute in 1971 after the effective date of the general two year statute when in Chapter 71-136, Laws of Florida, it changed the wording in regard to the punishment and left the limitations part alone.
WRIT OF PROHIBITION DENIED.
CROSS and SHARP, JJ., concur.
NOTES
[1] Fla. Stat. 932.465(2) (1973). Prosecution for offenses not punishable by death must be commenced within two years after commission, but if an indictment, information, or affidavit has been filed within two years after commission of the offense and the indictment, information, or affidavit is dismissed or set aside because of a defect in its content or form after the two year period has elapsed, the period for commencing prosecution shall be extended three months from the time the indictment, information, or affidavit is dismissed or set aside.
[2] Fla. Stat. 517.302 (1973) allows five years within which to begin prosecution.