452 So.2d 940 (1984)
Pauline BROGAN, Personal Representative of the Estate of Jimmy Kenneth Rainey, Deceased, Petitioner,
v.
Terri Joyce Rainey MULLINS, Jimmy Kenneth Rainey, Jr., and Margaret Dell Rainey-Moore, Respondents.
No. 84-243.
District Court of Appeal of Florida, Fifth District.
May 24, 1984.
As Modified on Motion for Clarification July 12, 1984.
Rehearing Denied July 12, 1984.
*941 Edwin D. Davis, II, South Daytona, for petitioner.
William N. Gambert, Daytona Beach, for respondents.
COBB, Judge.
The petitioner, Pauline Brogan, as personal representative of the Estate of Jimmy Kenneth Rainey, deceased, seeks a writ of certiorari (alternatively, a writ of prohibition) to review an order of the trial court rendered on January 18, 1984. The record before us shows that the respondents, children of the decedent by a prior marriage, filed separate statements of claim against his estate on November 1, 1982. They failed to file an action on these claims against the estate until December 5, 1983, thereby running afoul of the applicable statute of limitations, section 733.709, Florida Statutes (1981).[1]
The estate raised the issue of the statute of limitations and the trial court conducted a hearing thereon on January 10, 1984. At that hearing the attorney for the claimants, respondents herein, contended that there had been continuing negotiations with counsel for the estate but not fraudulent misrepresentations. The evidence was uncontroverted that the personal representative did not authorize or negotiate a settlement at any time. Counsel for the claimants merely asserted that, in good faith, he expected the claims to be settled and that was why no court action had been filed within the limitation of one year. At the conclusion of the evidentiary hearing, the trial court denied the motion to dismiss and set the case for trial on the merits of the claims.
The respondents relied primarily on three cases in their argument to the trial court relating to the statute of limitations: State ex rel. Watson v. Gray, 48 So.2d 84 (Fla. 1950); Capital Bank v. Schuler, 421 So.2d 633 (Fla. 3d DCA 1982); and Fletcher v. Dozier, 314 So.2d 241 (Fla. 1st DCA 1975). These cases clearly do not support the respondents' position that mere negotiations, absent fraud or misrepresentation inducing reliance, toll the running of a statute of limitations. More to the point is Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983), which rejected the continuing treatment doctrine (analogous to continuing negotiations).
This petitioner, understandably uncertain of his procedural remedy for review, has sought alternative relief via certiorari or prohibition.[2] Since the former is *942 discretionary,[3] we first consider the latter. The petitioner cites to no authority in civil case law to support invocation of the remedy of prohibition where the trial court erroneously rejects an affirmative defense based on an applicable statute of limitations. Previously, we have held that prohibition is a proper appellate remedy when the state seeks to prosecute a criminal case after the statute of limitations has expired. Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA), review denied, 389 So.2d 1108 (Fla. 1980). Prior Florida Supreme Court cases support that conclusion. See Reino v. State, 352 So.2d 853 (Fla. 1977) and State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974).
Justice Alderman, in his special concurrence in Sherrod v. Franza, 427 So.2d 161 (Fla. 1983), persuasively sets forth the rationale for rejecting prohibition as an available remedy in cases wherein the trial judge rules on a factual issue; in that case, whether or not the speedy trial rule entitled the defendant to discharge. Nevertheless, the majority held otherwise. There is no logical distinction in regard to jurisdiction (hence, prohibition) between a civil court and a criminal court after expiration of an applicable statute of limitations. If prohibition lies in one case, it must lie in the other.
We therefore issue the writ of prohibition and direct the dismissal of the Respondents' various petitions for payment of claim.[4]
WRIT GRANTED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
It is claimed that grievous judicial error occurred in this case when the personal representative of an estate orally urged the trial judge to summarily apply a statute of limitations (§ 733.709, Fla. Stat. (1981)) and to summarily deny a petition for payment of claims against an estate and the trial court entered a non-final order declining to summarily deny the petition and ordering the petition and claims to be set for a final hearing. The personal representative seeks review of the non-final order by an extraordinary remedy of either prohibition or certiorari.
PROHIBITION: The basic question in every prohibition case is one of jurisdiction and a writ of prohibition should not issue if the inferior tribunal has the requisite jurisdiction although it may have committed or is about to commit reversible error.[1]
Prohibition is an extraordinary remedy that is concerned with the jurisdiction of the trial court to act and should not be used to circumvent the rule limiting appeals of non-final orders.[2] When a trial court has subject matter jurisdiction and that jurisdiction has been properly invoked and perfected over the person of the defendant or the res involved in the suit by proper service of proper process, the trial court does not lose jurisdiction because of any ruling it makes whether that ruling is correct or not.[3] Neither the running of a statute of limitations nor an erroneous ruling relating thereto deprive a trial court of jurisdiction. Insofar as legal practice and procedure is concerned the statute of limitations is merely an affirmative defense and whether it is asserted or not or whether the trial court correctly or incorrectly refuses to rely on it to summarily deny a petition for payment of a claim in an estate, the jurisdiction *943 of the court is not involved or affected.
Reino v. State, 352 So.2d 853 (Fla. 1977), involved a petition for writ of prohibition in the Supreme Court of Florida and the issue of whether first degree murder offenses committed between the date the United States Supreme Court effectively struck down the death penalty and the date the Florida legislature reenacted the death penalty were capital crimes not subject to the statute of limitations or noncapital crimes subject to the two year statute of limitations in criminal cases. The supreme court predicated its jurisdiction on article V, section 3(b)(4), Florida Constitution, 1972. At that time that subsection of the constitution authorized the supreme court to "issue writs of prohibition to courts and commissions in causes within the jurisdiction of the supreme court to review" and the review of criminal "capital" cases was peculiarly within that language.[4] Since Reino this particular subsection of the constitution was revised in the 1980 amendment to the constitution and is now section 3(b)(7). The change in the language may or may not be relevant here. Of course, district courts of appeal have jurisdiction to issue writs of prohibition.[5] However, the question here is not one of jurisdiction of the court but the propriety of the remedy. This involves the proper scope of the remedy of prohibition. Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA 1980), review denied, 389 So.2d 1108 (Fla. 1980), cited Reino broadly for the proposition that when the State seeks to prosecute after the statute of limitations has expired, the proper method to prevent the prosecution is by prohibition. In this case the majority extends Reino and Carcaise to a ruling involving a statute of limitations in a civil probate case. This is another example of a court considering a substantive issue of law without specifically and adequately considering the procedural propriety of the remedy presenting that issue, then other courts citing the first case as authority for a correct application of the remedy. A case such as Reino should not be cited as authority for propriety of the remedy because it is only an example where the remedy was used and the propriety of the remedy was not explicitly considered by the court. However, Carcaise does not cite Reino as merely an example but as authority and from it extracts a principle that is broader than the facts of Reino but not broad enough to include this civil case. Similarly the majority opinion in this case extends the broad principle stated in Carcaise far beyond the facts in Carcaise and completely out of the criminal field and into the civil field. Stating that there is no logical distinction in regard to jurisdiction between a civil court and a criminal court, the majority opinion uses a case involving the peculiar jurisdiction of the Florida Supreme Court to review a capital case (Reino) to rationalize, and implicitly hold, that prohibition is a proper remedy to obtain review in a district court of appeal of a trial court's non-final order in a probate case declining to summarily deny a creditor's claim against an estate as against an oral assertion by the personal representative of a statute of limitations when the personal representative is free to assert the statute of limitations as an affirmative defense (Fla.R.Civ.P. 1.110(d)) and to take a direct appeal from a final judgment.
It is true that the Florida Supreme Court has extended the remedy of prohibition to situations beyond its historical definition[6] but until that court explicitly extends and *944 approves of the use of the extraordinary remedy of prohibition by the district courts of appeal to review non-final orders declining to summarily deny claims as against assertions of statutes of limitations in civil actions or amends Florida Rule of Appellate Procedure 9.130(a)(3), which restricts review of such non-final orders, this court should not do so.
That the remedy of prohibition is inappropriate and is being misapplied in this case should be apparent to all from the mere fact that prohibition is directed not to a party in a litigation but against the officer who is acting without jurisdiction. Judge Wetherington was a respondent in Reino, Judge Durden was the respondent in Carcaise, but in this case the trial judge is not even a respondent, yet the majority issues a writ of prohibition. Further, the writ issued in this case does not prohibit the exercise of jurisdiction by a judicial officer; to the contrary the majority opinion directs the trial court to exercise jurisdiction which is the antithesis of the sole proper ground for issuing a writ of prohibition.
CERTIORARI: As a fall back position the majority opinion states that even if the majority deemed prohibition to be an improper remedy in this case in the exercise of discretion they would grant certiorari.
It is a clearly established principle of law that a statute of limitations is properly asserted as an affirmative defense in a pleading responding to the pleading asserting a supposedly barred claim, rather than being asserted by motion, oral or written, to summarily dismiss or deny the supposedly barred claim. See Fla.R.Civ.P. 1.100(a) and 1.110(d). Accordingly, the denial of a suggested summary application of a limitations defense does not constitute judicial error. Even in the exceptional case where the applicability of a limitations defense might appear on the face of the pleading alleging the supposedly barred claim and it would not be judicial error to dismiss the claim on motion based on the limitations defense, it is, nevertheless, not judicial error to deny such summary application of a statute of limitations, for several good reasons. First, because the statute can still be more properly asserted as an affirmative defense in a defensive pleading, there is no judicial error in denying its summary application. Next, the limitations defense can be waived by not being asserted as a pled defense. Furthermore, by requiring the limitations statute to be pleaded, the opposing party can seek to avoid it by filing a reply containing a waiver, estoppel or other avoidance as contemplated by Florida Rule of Civil Procedure 1.100(a).
Assuming arguendo that it is judicial error to refuse to summarily apply the limitations defense in this case, just how serious and egregious is that judicial error? After the trial court, by non-final order, declines to summarily apply a statute of limitations asserted by motion and declines to summarily deny a supposedly barred claim, the statute of limitations can still be properly asserted as an affirmative defense. Therefore, where this occurs and the claim and the affirmative defense are properly disposed of on final hearing, the judicial error in refusing summary application of the limitations defense would not even be reversible error because the harmless error statute, section 59.041, Florida Statutes, limits reversal to errors resulting in a miscarriage of justice. Peculiarly, this is the exact language that the Supreme Court of Florida used in limiting discretion in the use of certiorari in Combs v. State, 436 So.2d 93, 96 (Fla. 1983):
The district court should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice (emphasis supplied).
If a judicial error is not serious enough to constitute reversible error it creates quite a legal paradox to consider it serious enough to warrant review by certiorari.
Again assuming error in the non-final order declining to summarily apply the statute of limitations defense, and further assuming that the error is reversible, such error would still be a mere legal error correctable on direct appeal from a final *945 judgment and not a legal error serious enough to constitute a departure from the essential requirements of law so as to be subject to immediate interlocutory review by the extraordinary remedy of certiorari, as contemplated by Combs.
Still assuming, arguendo, that it was reversible error not to summarily apply the limitations defense in this case, the degree of seriousness of such error is identically the same as that in any other case seeking certiorari review of the denial, by non-final order, of motions to dismiss, motions for judgments on the pleadings, motions for summary judgment, and other motions which, if granted, would avoid a full hearing, where the correctness of such non-final orders are reviewable only on direct appeal from a final judgment.[7] Article V, section 4(b)(1), of the Constitution of the State of Florida, provides that district courts of appeal have jurisdiction to review interlocutory orders to the extent provided by rules adopted by the supreme court. Review of this type of non-final order is not permitted under Rule of Appellate Procedure 9.130(a)(3) because they do not determine the issue of liability in favor of a party seeking affirmative relief. It is the intent of Rule 9.130(a)(3) that such non-final orders be reviewed only on direct appeal from a final judgment because the party aggrieved by such non-final orders often prevails at final hearing, and therefore, the total number of appeals is reduced by permitting but one review in such cases. That intent, and the supreme court's exclusive constitutional authority to make that determination, should not be thwarted or circumvented by the use of certiorari as a substitute for a supreme court rule authorizing review of such non-final orders.
That this court is suffering from a "parens patriae complex" is shown by the fact that not only does the form of relief granted exceed the scope of the remedy of prohibition but it also exceeds the proper scope of the remedy of certiorari in that, as distinguished from review on appeal, the remedy by certiorari is merely to grant the writ and to quash the order or judgment that exceeds the jurisdiction of the lower tribunal and that constitutes the palpable miscarriage of justice. The majority opinion exceeds the remedy of certiorari when it directs the lower tribunal to take a specified action as is appropriate only by directions on remand after a reversal on review by appeal and in cases of mandamus.
The majority opinion in this case circumvents Rule 9.130 and is in direct conflict with cases from this and other courts which have held certiorari inapplicable to review similar non-final orders and have denied summary interlocutory review of mere legal error which is reviewable and correctable on direct appeal from final judgment. The discretionary aspect of certiorari, emphasized in Combs, does not mean certiorari can properly be used arbitrarily to selectively review some of a class of non-final orders in which, if error occurs, the errors are legally similar and theoretically indistinguishable in magnitude and degree. Such a practice is contrary to basic equal protection concepts requiring equal legal treatment of similar cases. If we review some such non-final orders and grant relief when we find error, under constitutional concepts of equal protection we must review all similar non-final orders although after review we find no error. By using certiorari to review one selected non-final order out of a class of non-final orders which are reviewable only by direct appeal from a final judgment and not under Rule 9.130, the majority opinion disregards the constitutional equal protection clauses, Rule 9.130, the purpose and intention of the rule, and the caution in Combs that:
The district court should use this discretion cautiously so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal.
NOTES
[1] Section 733.709, Florida Statutes (1983), states:

Claims undisposed of after 1 year.  When a person has filed a claim against an estate and the claim has not been paid, settled, or otherwise disposed of and no proceeding is pending for the enforcement or compulsory payment of it at the expiration of 1 year from the date the claim was filed, the claim shall be forever barred. No action shall thereafter be brought to enforce it. This section shall not affect the lien of any duly recorded mortgage or security interest or the lien of any person in possession of personal property or the right to foreclose and enforce the mortgage or lien.
[2] Technically, as the dissent notes, this cause should show the respondent circuit judge as a respondent in the style for purposes of prohibition. We do not choose to pick this nit as a basis to deny relief, nor do the appellate rules so contemplate. See Fla.R.App.P. 9.040(c).
[3] Combs v. State, 436 So.2d 93 (Fla. 1983).
[4] Even if we were to determine that prohibition is an improper procedural remedy herein, we would exercise our discretionary review power and grant certiorari. See Combs.
[1] See Wehle and Belcher, Prohibition in Florida, 4 Fla.L.Rev. 546 (1951).
[2] School Board of Marion County v. Angel, 404 So.2d 359 (Fla. 5th DCA 1981).
[3] See Hunter v. Hunter, 359 So.2d 500 (Fla. 4th DCA 1978), rev. den., 365 So.2d 712 (Fla. 1978).
[4] The Reino court considered the supreme court's exclusive jurisdiction in capital cases but appeared in Reino to discard it as a relevant jurisdictional factor. However the supreme court in Bundy v. Rudd, 366 So.2d 440 (Fla. 1978), another case involving prohibition in a capital case, again alluded to its peculiar jurisdiction to review capital cases, stating: "Because the case is one in which a sentence of death might ultimately be imposed, we have jurisdiction. Art. V, § 3(b)(4), Fla. Const.; see Reino v. State, 352 So.2d 853 (Fla. 1977)."
[5] See Art. V, § 4(b)(3), Fla. Const.
[6] See the dissent in Bates v. Keating, 396 So.2d 1172 (Fla. 5th DCA 1981), and the specially concurring opinion in Sherrod v. Franza, 427 So.2d 161 (Fla. 1983).
[7] See, e.g., One Thousand Oaks, Inc. v. Dade Savings & Loan Assn., 417 So.2d 1135 (Fla. 5th DCA 1982); Hawaiian Inn of Daytona Beach, Inc. v. Snead Const. Corp., 393 So.2d 1201 (Fla. 5th DCA 1981).