ON PETITION FOR WRIT OF PROHIBITION
DAUKSCH, Judge.
This matter is before this court on petition for writ of certiorari to review an order of the trial court denying a motion for summary judgment.
Although we would not ordinarily entertain review of an order denying summary judgment, by certiorari or otherwise, in this case we shall do so. The petition for writ of certiorari is treated as a petition for writ of prohibition as was the petition in Brogan v. Mullins, 452 So.2d 940 (Fla. 5th DCA 1984).
The order denying summary judgment in this case declared a statute of repose unconstitutional thereby causing the trial court to exercise jurisdiction in a case where it would have no jurisdiction if the statute were constitutionally valid. Therefore, as in Brogan, we shall proceed to consider the order.
The cause of action below arose out of an alleged medical misdiagnosis of Evelyn Fike. The complaint alleges that in February 1972, upon referral from her general practitioner, Mrs. Fike sought evaluation from petitioners for a suspected neurological condition. Petitioners allegedly diagnosed that Mrs. Fike had a subacute peripheral neuropathy such as subacute Guil-lain-Barre syndrome and/or subacute poly-neuropathy. No treatment was instituted and Mrs. Fike was allegedly led to believe she was suffering from a neurological condition which was fatal, unbeatable and from which she could expect to deteriorate until the time of her demise.
In June 1981, Evelyn Fike nearly died and was admitted to the hospital. She came under the care of two other doctors who performed a muscle biopsy and confirmed that Evelyn Fike was not suffering from a nerve disease as previously diagnosed but was suffering from a muscle disease known as chronic inflammatory myopathy. On February 25, 1983, Evelyn Fike instituted this bodily injury action in Orange County Circuit Court. For the purposes of the summary judgment the petitioners have accepted as fact that on June 29, 1981, Evelyn Fike learned she was suffering from a condition other than that allegedly diagnosed by the petitioners.
The petitioners moved for summary judgment on the basis that the action was barred by the medical malpractice statute of repose. § 95.11(4)(b), Fla.Stat. (1983). The trial court denied this motion for summary judgment and stated that in this situation the statute would act as an unconstitutional denial of access to the courts in violation of Article I, section 21, Florida Constitution.
We find that the four-year absolute bar in section 95.11(4)(b), Florida Statutes (1983) is not applicable to the facts of this case. Statutes of repose like the one involved in this case are presumed not to be retroactive absent a clear expression of legislative intent to the contrary. Applying this rule the supreme court stated in Dade County v. Ferro, 384 So.2d 1283, *907 1287 (Fla.1980) that the four-year limit expressed in the medical malpractice statute of repose may not be applied to a medical malpractice claim where the occurrence or incident out of which the claim arose predates the effective date of the statute.
In this case the incident from which the claim arose was an alleged misdiagnosis that took place in February, 1972. The applicable statute of limitations was section 95.11(4), Florida Statutes (1971) which established a four-year limitation period for actions not otherwise specifically provided for in Chapter 95. See Foley v. Morris, 339 So.2d 215 (Fla.1976). The limitation period in malpractice actions under this statute was measured from the date of discovery or opportunity to discover, through the use of reasonable diligence, the injury. Nardone v. Reynolds, 333 So.2d 25 (Fla.1976). Thus, Mrs. Fike had four years from the date she discovered her injury to file her claim. Mrs. Fike met this requirement.
The order denying the motion for summary judgment is affirmed on the authority of Dade County v. Ferro and the petition for writ of prohibition is denied.
DENIED.
COBB and COWART, JJ., concur.