RYDER, Acting Chief Judge.
Paula Stein seeks review of the trial court’s order granting her former husband, John F. Stein’s, petition to establish and modify foreign decree in this post-dissolution action. We reverse.
*93 The parties were divorced in Muscogee County, Georgia on March 31, 1987. Ms. Stein has custody of the parties’ minor daughter, Wendy Lee Stein. Ms. Stein owns a home in Tampa and lived there with Wendy until employment and financial circumstances forced her to move to Ohio and live with family in July of 1990. However, Ms. Stein did continue to make the mortgage payments on her home in Tampa. Ms. Stein later found employment in Washington D.C., where she resided at the time of this appeal. Mr. Stein lives in Virginia.
On July 16, 1990, Mr. Stein filed a supplemental petition to establish and modify foreign decree in Hillsborough County, alleging that Ms. Stein was a resident of Hillsborough County and requesting that the final divorce decree of the state of Georgia be established and modified in Florida. In his petition, Mr. Stein sought termination of alimony, reduction in child support and modification of visitation with Wendy.
A summons and copy of the petition was served on Tonya Schneider at the address of Ms. Stein’s home in Tampa. Tonya Schneider was described in the sheriff’s affidavit of service as Ms. Stein’s roommate. However, because Ms. Stein was not living at that address in July 1990, but had moved to Ohio to live with family, Ms. Schneider cannot have been Ms. Stein’s “roommate.” Thereafter, attempts were made to mail notices of the hearing on the petition to Ms. Stein at her Ohio address. However, the notices were mailed to the incorrect address. In addition, the notices were mailed less than thirty days before the date of the hearing.
The trial court held a hearing on the motion where Mr. Stein presented testimony and evidence. Ms. Stein was not present at the hearing nor was she represented by counsel. An attorney on behalf of child support enforcement made an appearance at the hearing. On February 26, 1991, the trial court granted Mr. Stein’s petition and terminated his alimony obligation to Ms. Stein, reduced child support and allowed for unsupervised visitation with Wendy. The trial court reserved ruling on the precise amount of child support “pending further evidence on the subject of the Former Wife’s income.” It is from this order that Ms. Stein has appealed.
Ms. Stein contends on appeal that the trial court erred in granting the petition because she never received personal service of process and therefore the trial court did not have jurisdiction over her. Ms. Stein also contends that she did not receive sufficient notice of the proceedings. Mr. Stein argues that substitute service made on Tonya Schneider in Tampa which is permitted by section 48.031(1) is sufficient for the trial court to obtain personal jurisdiction over Ms. Stein. Mr. Stein also argues that because an attorney from HRS appeared on behalf of Ms. Stein, that she cannot claim that she did not have notice of the proceedings.
“In a dissolution proceeding in which the wife is not personally served and in which she does not appear a court cannot terminate or modify a prior support order of a sister state.” Hunter v. Hunter, 359 So.2d 500 (Fla. 4th DCA), cert. denied, 365 So.2d 712 (Fla.1978) (citations omitted). Because Ms. Stein did not receive personal service nor appear at the hearing, the trial court did not have jurisdiction over Ms. Stein, and therefore, did not have authority to terminate her right to receive alimony. Accordingly, the order granting Mr. Stein’s petition to establish and modify foreign decree is hereby vacated and set aside and the case is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL and ALTENBERND, JJ., concur.