ON MOTION TO DISMISS

PER CURIAM.
Plaintiff has filed a notice of non-final appeal from an order granting defendant’s motion for partial summary judgment holding that under the doctrine of collateral estoppel, the jury verdict in another case is determinative of the negligence and comparative negligence of the parties in this case.
Plaintiff argues that this order is appeal-able because it determines “the issue of liability in favor of a party seeking affirmative relief,” and is therefore appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Defendant appellees have moved to dismiss the appeal on the ground that this order was not “in favor of a party seeking affirmative relief.” We agree.
The jury verdict in the other case found plaintiff 65% at fault in causing the accident. Plaintiff opposed the application of collateral estoppel. This order, therefore, was not in favor of plaintiff, who is the only party seeking affirmative relief in this case. We therefore dismiss the appeal.[1]
DELL, C.J., and HERSEY and KLEIN, JJ., concur.

. This is not a situation in which we can relinquish jurisdiction for the trial court to enter a final judgment, because other claims are still pending in the trial court.