736 So.2d 791 (1999)
The STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Oscar ECHEVERRI, as Personal Representative of the Estate of Carlos A. Echeverri, deceased, for the use and benefit of said Estate and for the use and benefit of Oscar Echeverri, the surviving father and Maria Victoria Marquez, the surviving mother, Capeletti Brothers, Inc., Marks Brothers Company and Beiswenger, Hoch & Associates, Appellees.
No. 98-1095.
District Court of Appeal of Florida, Third District.
July 14, 1999.
Andrew J. Anthony and Bradley A. Silverman, Coral Gables, for appellant.
Manuel R. Morales, Jr., Miami, for appellee Echeverri;
Parenti, Falk, Waas, Hernandez & Cortina and Gail Leverett Parenti, Coral Gables, for Capeletti Brothers.
Norman Malinski for Beiswenger, Hoch & Associates.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
SCHWARTZ, Chief Judge.
In 1996, Echeverri sued the Department of Transportation, Capeletti Brothers, Inc., and Beiswenger, Hoch & Assocs. for a wrongful death sustained in a 1995 accident on a state road exit ramp allegedly negligently maintained by the D.O.T. Construction on the roadway had begun in the early 1960's and was completed in 1966. The D.O.T. asserted cross-claims for indemnity, and for joint-tortfeasor-type contribution against Capeletti, the general contractor, and Beiswenger, the designer-architect, based on claims they negligently performed their respective work on the project. The trial judge dismissed the complaint as to those defendants and, in the orders now under review, the cross-claims *792 with prejudice on the ground that they were barred by the statute of repose contained in section 95.11(3)(c), Florida Statutes (1995). It provides:
An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, ... or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.... In any event, the action must be commenced within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy ... or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.
§ 95.11(3)(c), Fla. Stat. (1995)(emphasis added).
The trial court also ruled that Capeletti and Beiswenger would not appear on the verdict form as Fabre parties for any apportionment of damages in the ensuing trial which would thus involve the D.O.T. as the sole defendant. The D.O.T. now seeks review of these rulings.
The D.O.T. argues that its crossclaims were improperly dismissed under the statute because, it says, the statute does not apply to actions for indemnity[1] and contribution, as opposed to an initial claim for damages. Even assuming the very arguable question that the point was properly preserved below, we reject the contention as contrary to the plain language of the statute which clearly applies to all actions "founded on the design, planning, or construction of an improvement to real property." The appellant's alternate contention that, if applicable, the statute of repose is unconstitutional, is likewise without merit. See Sabal Chase Homeowners Ass'n, Inc. v. Walt Disney World Co., 726 So.2d 796 (Fla. 3d DCA 1999); American Liberty Ins. Co. v. West & Conyers, Architects & Engineers, 491 So.2d 573 (Fla. 2d DCA 1986).
Insofar as the appellant challenges the Fabre ruling below, we dismiss the appeal as unauthorizedly taken from an interlocutory order which is not subject to review under any of the provisions of Florida Rule of Appellate Procedure 9.130. See Stufflebean v. Ohio Cas. Ins. Co., 645 So.2d 136 (Fla. 4th DCA 1994); R D & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002 (Fla. 3d DCA 1993).
Affirmed in part, dismissed in part.
NOTES
[1] We note that, in any case, a claim for indemnity does not lie under these circumstances as a matter of law. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979); 12 Fla. Jur.2d Contribution § 34 (1998).