# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1143
Lower Tribunal No. 21-11582
_____

## American Automobile Insurance Company, et al.,
Appellants,

vs.

## FDH Infrastructure Services, LLC,
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

The Jones Law Firm, P.C., and Robert E. Jones (Jacksonville), for appellants.

Mitrani, Rynor, Adamsky & Toland, P.A., Steven R. Adamsky (Weston), and Loren H. Cohen, for appellee.

Before LOGUE, MILLER, and BOKOR, JJ.

MILLER, J.

In this appeal, we are called upon to determine which of two dueling statutes of limitation applies to subrogation claims arising out of a construction accident that claimed the lives of three workers during an antenna installation on a 952-foot tower in Miami Gardens, Florida. Appellants, American Automobile Insurance Company and Associated Indemnity Corporation (collectively the "Insurers"), challenge a final summary judgment finding their claims time-barred by the two-year professional malpractice limitation imposed in section 95.11(4)(a), Florida Statutes (2022). On appeal, the Insurers contend the claim is more properly governed by the four-year time limit set forth in section 95.11(3)(c), Florida Statutes (2022), because theirs is "[a]n action founded on the design, planning, or construction of an improvement to real property." We find the latter statute more specifically applicable to the facts of this case.

**BACKGROUND**

Tower King II, a Texas-based specialty construction contractor, was charged with installing an upgraded antenna on an existing television tower. In anticipation of the installation, Tower King retained appellee, FDH Infrastructure Services, LLC, an engineering firm, to perform a structural analysis as to the stability and weight-bearing capacity of the tower. FDH was contractually obligated to assess the proposed rigging plan, which

2

included the use of a large wooden contraption, known as a "gin pole," to lift the loads necessary to construct the antenna.

FDH furnished Tower King with a "Qualified Engineering Review Letter," which contained a spreadsheet setting forth the requested calculations. The installation commenced, and shortly thereafter, the rigging components failed. Three workers fell to their deaths, two nearby workers witnessed the tragedy, and construction equipment sustained damage. Confronted with a series of claims, the Insurers paid out benefits under their respective policies.

The Insurers then filed suit against FDH, seeking equitable and contractual subrogation on the theory that erroneous load calculations precipitated the underlying insurance claims. FDH sought summary judgment, alleging, among other grounds, the action was barred by the two-year professional malpractice statute of limitations contained in section 95.11(4)(a). The trial court granted the motion, and the instant appeal ensued.

**STANDARD OF REVIEW**

We conduct a de novo review of an order granting summary judgment. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Under Florida's new standard, which mirrors its federal

3

counterpart, "summary judgment is appropriate where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Feldman v. Schocket, 47 Fla. L. Weekly D1930–31 (Fla. 3d DCA Sept. 21, 2022) (quoting Fla. R. Civ. P. 1.510(a) (2022)). Thus, "the correct test for the existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 75 (Fla. 2021) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

**ANALYSIS**

The resolution of this appeal requires us to examine two competing statutes of limitation. The first statute, section 95.11(4)(a), imposes a two-year limitation on actions for professional malpractice by privity claimants, whether founded on contract or tort. See Baskerville-Donovan Eng'rs, Inc. v. Pensacola Exec. House Condo. Ass'n, 581 So. 2d 1301, 1301–02 (Fla. 1991). The second statute, section 95.11(3)(c), sets forth a four-year limitation on "[a]n action founded on the design, planning, or construction of an improvement to real property." Consistent with its plain language, the latter statute has been universally construed as extending to "any" and "all" actions "founded on the design, planning, or construction of an improvement

to real property." See State, Dep't of Transp. v. Echeverri, 736 So. 2d 791, 792 (Fla. 3d DCA 1999) ("[Section 95.11(3)(c)] applies to *all* actions 'founded on the design, planning, or construction of an improvement to real property.'"); Dubin v. Dow Corning Corp., 478 So. 2d 71, 72 (Fla. 2d DCA 1985) ("We read this language [in Section 95.11(3)(c)] to mean 'any' action arising out of improvements to real property, whether founded on contract or on negligence."). Such a claim accrues on "the date of completion of the contract or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer." § 95.11(3)(c), Fla. Stat.

When a cause of action is ostensibly subject to competing statutes of limitation, three well-entrenched tenets of statutory construction guide our analysis: (1) a specific statute preempts a more general statute; (2) a later statute is given effect over an earlier statute; and (3) if a doubt arises, the longer period of limitations should ordinarily prevail. See Carcaise v. Durden, 382 So. 2d 1236, 1237 (Fla. 5th DCA 1980) ("Generally speaking, a special statute of limitations which addresses itself to specific matters will take precedence over a general statute."); McKendry v. State, 641 So. 2d 45, 46 (Fla. 1994) ("[W]hen two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent."); 51 Am. Jur. 2d

5

Limitation of Actions § 76 (footnote omitted) ("If two or more statutes of limitation within a jurisdiction may apply to a cause of action, generally the statute providing the longest limitation period is preferred and will be applied.").

In determining which statute of limitation is more specifically applicable to the particular case, courts have looked to the nature of action and the type of injury sustained. Here, the Insurers seek relief in subrogation for claims they paid as the result of the structural failure of the rigging equipment.

Section 95.11(3) applies narrowly to only construction-based claims. This provision stands in contrast to section 95.11(4), which encompasses any "professional malpractice" action. Consistent with this distinction, in Kelley v. School Board of Seminole County, 435 So. 2d 804 (Fla. 1983), the Florida Supreme Court approved the application of section 95.11(3) in a case of professional negligence associated with the provision of architectural services. Id. at 805, n.2 ("Both the trial court and the [F]ifth [D]istrict found the 4-year statute applicable, and we agree with the district court that the language of (3)(c), rather than (4)(a), is more specifically applicable to this case."). The same view has been adopted by several other courts. See Havatampa Corp. v. McElvy, Jennewein, Stefany & Howard, Architects/Planners, Inc., 417 So. 2d 703, 704 (Fla. 2d DCA 1982) (applying

section 95.11(3)(c) to an action by building owner against architect, contractor, subcontractor, materialmen, and bonding company utilized in design and construction of new manufacturing facility); Hotels of Deerfield, LLC v. Studio 78, LLC, No. 21-60980-CIV, 2022 WL 1666976, at *4 (S.D. Fla. Mar. 7, 2022) ("[B]ecause [section] 95.11(3)(c) is more specific than 95.11(4)(a) regarding claims against design professionals arising out of designs or improvements to real property, the former should control because more specific statutes preempt more general statutes as a matter of law."); see also Luis Prat & Cary Wright, Rights and Liabilities of Architects and Engineers, in Florida Construction Law and Practice ch. 3.5 (10th ed. 2022) (quoting § 95.11(3)(c), Fla. Stat.) ("Actions for professional malpractice by privity claimants against the design professional, other than those actions arising out of the 'design, planning, or construction of an improvement to real property,' must be commenced within two years . . . ."); cf. Lillibridge Health Care Servs., Inc. v. Hunton Brady Architects, P.A., No. 6:08-CV-1028, 2010 WL 3788859, at *18 (M.D. Fla. Sept. 24, 2010) (footnote omitted) (rejecting defendant's contention that section 95.11(4)(a) was more specific statute in action by owner of medical office building against architect and engineering firm for problems arising during construction of building and observing "Florida courts—to which this [c]ourt must defer on issues of state law—have

7

repeatedly applied paragraph (3)(c) rather than (4)(a) in suits against architects and engineers").

Analogizing this case to Manney v. MBV Engineering, Inc., 273 So. 3d 214, 216 (Fla. 5th DCA 2019), however, FDH contends the two-year statute is more suitable. We find Manney inapposite. In Manney, MBV, an engineering firm, was hired to review construction drawings and inspect a newly constructed home for structural defects. Id. at 215. The Fifth District Court of Appeal held that section 95.11(3)(c) was inapplicable. Id. at 216. The court reasoned that "while the inspection may have required the observation of *completed* 'construction,' this [did] not transform the claim into one founded on the 'construction' of an improvement to real property, as that term is commonly understood." Id. at 217 (emphasis added).

In contrast, in the instant case, FDH was contractually obligated to assess the structural integrity of the tower and rigging plan prior to the commencement of construction. Performing the calculations necessary to enable the construction of the new antenna on the existing building was part and parcel of that task. Given the parameters of the contract, the summary judgment record established the subrogation "action[s] [were] founded on the

8

. . . planning . . . of an improvement to real property."[1]  § 95.11(3)(c), Fla. Stat.  Consequently, we find this action falls within the ambit of the four-year limitation.

Turning to the remaining issues on appeal, we summarily affirm the grant of summary judgment on the worker's compensation claims.  See Lincoln Nat. Health & Cas. Ins. Co. v. Mitsubishi Motor Sales of Am., Inc., 666 So. 2d 159, 161 (Fla. 5th DCA 1995) ("The insurer, as subrogee, stands in the shoes of its insured with respect to the insured's tort claim against the tortfeasor."); Reynolds v. State Farm Mut. Auto. Ins. Co., 611 So. 2d 1294, 1296 (Fla. 4th DCA 1992) ("[T]he impact rule stands for the proposition that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact."); Garcia v. San Antonio Hous. Auth., 859 S.W.2d 78, 81 (Tex. App. 1993) (promulgating Texas standard in actions for recovery due to bystander mental anguish caused by negligence of another and barring such actions unless bystander is closely related to physically injured party).  But, adopting the sagacious reasoning set forth by our sister court in Tank Tech, Inc. v. Valley Tank Testing, LLC,

---

[1] It is true that section 95.11(3)(c) is typically applied to cases involving latent construction defects.  It is equally true, however, that the plain statutory language does not lend itself to a restrictive interpretation.

9

334 So. 3d 658 (Fla. 2d DCA 2021), we reject the notion that a release is always a prerequisite to maintaining an equitable subrogation action. Id. at 662 (quoting Kala Invs., Inc. v. Sklar, 538 So. 2d 909, 917 (Fla. 3d DCA 1989)) ("[T]he propriety of a claim for equitable subrogation 'depends on the facts and circumstances in each case' and there is 'no general rule or test for its invocation.'"). Here, the facts allow for the advancement of the claim without a release. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.